UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CIVIL ACTION NO. 3:23-CV-00287-JHM

**RODGER E. WILLIAMS**                                                               **PLAINTIFF**
**A/K/A WILLOW A. WILLIAMS**
v.

**BETSY RAMEY,** *et al.*                                                            **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

Plaintiff Rodger E. Williams a/k/a Willow A. Williams filed this *pro se* prisoner 42 U.S.C. § 1983 action. This matter is before the Court on initial review of the complaint pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the Court will dismiss some of the claims set forth in the complaint.

### I.

Plaintiff, a convicted prisoner, is currently housed at the Eastern Kentucky Correctional Complex ("EKCC"). Plaintiff brings this action against thirteen Defendants associated with Plaintiff's medical care at the Roereder Correctional Complex ("RCC"), the Northpoint Training Center ("NTC"), and the EKCC. Specifically, Plaintiff lists the following Defendants in the caption of the complaint: RCC Nurse Betsy Ramey; RCC Warden Ferguson; NTC Physician Angela Clifford; Wellpath Health Services ("Wellpath") Medical Director Dr. Kevin Smith; and Wellpath President. [DN 1 at 1–3]. Plaintiff also lists as additional Defendants on a separate page: Wellpath Assistant Health Services Administrator Jennifer Blanton; Wellpath Medical Director Summer James; Wellpath Psychiatrist Dr. Trivet; Wellpath Psychologist Dr. Keith Feck; Wellpath Provider Karrington Gullett; Wellpath Health Personnel Administrator Dawn Patterson; Wellpath Provider Lacey Russell; and RCC-Wellpath LPN Raven Bishop. [DN 1 at 4–6]. The Court

construes the complaint as suing all listed Defendants. While Plaintiff references the Kentucky State Penitentiary ("KSP"), Plaintiff does not assert any claims against any KSP staff or medical providers.

Plaintiff alleges that as a transgender inmate with the Kentucky Department of Corrections ("KDOC"), Defendants were deliberately indifferent to Plaintiff's medical needs in violation of the Eighth Amendment to the United States Constitution. Plaintiff contends that while at RCC between June 28, 2019, to September 4, 2019, Warden Ferguson, RCC-Wellpath Nurse Betsy Ramey, and RCC-Wellpath LPN Raven Bishop deliberately permitted Plaintiff to suffer from physical withdrawal of medication taken for 27 years, chronic bowel and abdominal pain, pain from sebaceous and inclusion cysts, and pain and humiliation from not timely approving a bra. KDOC transferred Plaintiff to NTC in the Eastern District of Kentucky on or about September 4, 2019. Plaintiff seeks compensatory and punitive damages and injunctive relief.

For purposes of this initial review, the Court will only review the claims for which the Western District of Kentucky has proper venue—those claims related to Plaintiff's medical care at RCC against Warden Ferguson, Nurse Ramey, LPN Bishop, and "Wellpath President." The Court will address the remaining claims in a separate Memorandum and Order.

II.

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the complaint under 28 U.S.C. § 1915A. Under § 1915A, the Court must review the complaint and dismiss the complaint, or any portion of the complaint, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See*

§ 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

### III.

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Because § 1983 does not provide a statute of limitations, federal courts borrow the forum state's statute of limitations for personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 275–80 (1985). In Kentucky, § 1983 actions are limited by the one-year statute of limitations found in Ky. Rev. Stat. § 413.140(1)(a). *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990). Although the statute of limitations turns on state law, the question of when a § 1983 claim accrues to trigger the statute is a matter of federal law. *Wallace v. Kato*, 549 U.S. 384, 388 (2007). The statute of limitations starts to run either "when the plaintiff has a complete and present cause of action" (the "standard" rule) or "when the plaintiff discovered (or should have discovered) the cause of action" (the "discovery" rule). *Dibrell v. City of Knoxville*, 984 F.3d 1156, 1162 (6th Cir. 2021) (quoting *Rotkiske v. Klemm*, 140 S. Ct. 355, 360 (2019)). In *Dibrell*, the Sixth Circuit declined to decide which rule to apply to the plaintiff's Fourth Amendment claims because the claims "would be untimely either way." *Id.* at 1162.

The Court finds that the same is true of Plaintiff's Eighth Amendment claim based upon deliberate indifference to medical care. Plaintiff had a complete cause of action, and his claim was "'discovered (or should have [been] discovered)'" at the latest on the date he was transferred from RCC—September 4, 2019. *Randolph v. Hopkins Cnty. Jail*, No. 4:22-CV-P120-JHM, 2023 WL 213925, at *2 (W.D. Ky. Jan. 17, 2023) (citing *Gibson v. Ohio Dep't*, No. 21-3999, 2022 U.S. App. LEXIS 21134 at *4 (6th Cir. July 29, 2022)); *Scott v. Ambani*, 577 F.3d 642, 646 (6th Cir. 2009) ("[P]risoner's cause of action for deliberate indifference accrued on the date that he was denied medical care, even though the full extent of his injury was not known until later.")). Therefore, Plaintiff had until September 4, 2020, at the latest, to bring this action against these Defendants. Plaintiff, however, did not file the instant action until June 2023.

4

Therefore, the Court concludes that Plaintiff's claims as they relate to medical care prior to September 5, 2019, against Defendants Wellpath President, Ferguson, Ramey, and Bishop are barred by the applicable statute of limitations and must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.  *See, e.g., Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012) (citing *Jones v. Bock*, 549 U.S. at 215) ("If the allegations . . . show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim[.]").

Furthermore, Plaintiff brought the same claims regarding his medical care while housed at RCC in another action, *Williams v. Ferguson*, Civil Action No. 3:20CV369-JHM.  While the claims against Ferguson and Ramey have been dismissed in that case, the claims against Wellpath are still pending in that matter.  Plaintiff cannot file multiple lawsuits involving the same facts and seeking the same relief.

## IV.

For the reasons set forth above, **IT IS HEREBY ORDERED** that Plaintiff's claims as they relate to medical care prior to September 5, 2019, against Defendants Wellpath President, Ferguson, Ramey, and Bishop are dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted. The Clerk of Court shall add Raven Bishop as a Defendant.  **IT IS FURTHER ORDERED** that the Clerk of Court will **TERMINATE** the **Defendants Ferguson, Ramey, and Bishop** from this case as there are no longer any claims against them.

*Joseph H. McKinley*

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:    Plaintiff, *pro se*
4414.014

November 3, 2023